ROBERT MAYNARD, Plaintiff

v.

FARRIS M. KHALIL, d/b/a INTERNATIONAL BAZAAR,
Defendant

Civil No. 77/180

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 11, 1979

DESMOND L. MAYNARD, ESQ., Charlotte Amalie, St. Thomas, V.I., *for plaintiff*

JULIO A. BRADY, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Charlotte Amalie, St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

MEMORANDUM OPINION WITH ATTACHED JUDGMENT.

At the close of the jury trial in this action for defamation, I granted defendant's motion for a directed verdict and dictated into the record my reasons therefor. This written memorandum opinion is being made in response to counsel's request for same.

In viewing the evidence in the light most favorable to plaintiff, I found that plaintiff failed to show actual injury to himself and also failed to show the requisite degree of fault on the part of defendant.

At common law in an action for slander or libel per se,[1] a plaintiff was able to recover nominal damages without showing (1) actual injury, (2) that defendant had acted

---

[1] Slander per se and libel per se encompassed the following imputations: a crime; a loathsome disease; unchastity in a woman; and imputations detrimental to one's trade, business, profession or office.

with knowledge of the falsity, or (3) that defendant acted in reckless disregard of the truth. 3 Dooley, Modern Tort Law: Liability and Litigation § 36.01 (1977). The common law rules as to the presumption of injury and damages have been eroded by the Supreme Court.

In Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974), the Court observed that common law defamation is an "oddity of tort law, for it allows recovery of purportedly compensatory damages without evidence of actual loss". Id. at 349. Accordingly, the Court therein held that a private defamation plaintiff, who established the defamation on the part of a media defendant but failed to prove either knowledge of falsity or reckless disregard for truth, may recover damages only for actual injury. Presumption of injury from the fact of publication, absent proof of actual harm to reputation, was said to inhibit the exercise of First Amendment freedoms. Id. It has yet to be definitively established whether the Supreme Court's holding in Gertz extends to a private defamation plaintiff suing a non-media defendant on a private issue. I find that as a matter of local law it would be anomalous to give media defendants a greater privilege than that afforded non-media defendants. Restatement (Second) of Torts § 580B, Comment e (1977). For the foregoing reason, I find that even nominal damages may not be recovered in defamation per se absent proof of harm to reputation at least where, in the facts herein presented, no showing of knowledge of falsity or reckless disregard for the truth have been made. Jacron Sales Co. v. Sindorf, 350 A.2d 688 (Md. 1976); Millsaps v. Bankers Life Co., 342 N.E.2d 329 (Ill. App. 2d 1976). To hold otherwise, would allow a nominal damage award not to compensate or vindicate plaintiff but merely to "cudgel" defendant. Restatement (Second) of Torts § 623, Special Note on Remedies for Defamation Other Than Damages.

The Gertz court stated that states were free to fashion

their own standards of liability. 418 U.S. at 347. In adopting a negligence standard of liability for non-media defendants, this Court notes that:

[I]t would be a bizarre result as a matter of tort law to hold individual defendants liable without fault while the media were liable only for negligence .... [A]n individual's defamatory statement is on the whole, likely to create a smaller risk of harm than a media publication. Finally, the media are more likely to be aware of the risk of liability, and thus more likely to insure against it.

The Supreme Court, 1973 Term, 88 Harv. L. Rev. 41, 148 n.52 (1974).

██ Negligence is normally an issue for the jury. However, in the matter sub judice, where no evidence of defendant's negligence was adduced, this Court may decide as a matter of law that a jury may not determine negligence. Hence, in the absence of proof of negligence and of actual injury, I have directed a verdict for defendant pursuant to Fed. R. Civ. P. 50(a).

### JUDGMENT

In accordance with the Memorandum Opinion of even date herewith and the verdict for defendant as directed by the Court, it is hereby

ADJUDGED for the defendant and the action is hereby dismissed with both parties bearing their own costs, including attorneys' fees.